**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 96-20280

---

PAUL L. BLACKSHEAR,

Plaintiff-Appellant-Cross-Appellee,

VERSUS

THE CITY OF HOUSTON,

Defendant-Appellee-Cross-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-2494)

---

July 8, 1997

Before GARWOOD, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Paul L. Blackshear ("Blackshear") appeals the district court's judgment as a matter of law for the City of Houston ("the City") on his claims made pursuant to the Fair Labor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Portal to Portal Act, 29 U.S.C. § 251-262 ("PTPA").

## FACTS

Blackshear was the sergeant in charge of the Houston Police Department's ("Department") Canine Training Unit ("Unit"). The Unit was made up of Sergeant Blackshear and four other officers with the rank of patrolman. Blackshear, like other Unit officers, kenneled and cared for an assigned dog at his home. Blackshear learned at a canine conference that he might be entitled to overtime pay for time spent caring for the dog at home, and he brought the issue to the Department's attention in November 1993. The Department did not change its policy of requiring the Unit officers to care for their dogs at home without pay until August 12, 1994, after this suit was filed.

## PROCEDURAL HISTORY

Blackshear[1] brought suit against the City to secure overtime pay for home care of the dogs, pursuant to 29 U.S.C. §§ 201 et seq., Fair Labor Standards Act and the Portal to Portal Act, 29 U.S.C. §§ 251-262. The district court denied the city's motion for summary judgment in part, holding, *inter alia,* that the city had not established an absence of genuine issue of fact concerning whether or not Blackshear was exempt from overtime pay under an

---

[1]Four other members of the Houston police department originally joined Blackshear in the suit, but were non-suited and have not appealed.

administrative or executive exemption.  The district court granted the City's motion for summary judgment in part, holding that Blackshear's position met the "salary test" prong of the executive exemption under 29 C.F.R. § 541.  The case was tried to a jury, which returned a unanimous verdict for Blackshear.  The district court entered judgment for Blackshear, against the City in the amount of $31,812 in overtime compensation, plus $31,812 in liquidated damages under 29 U.S.C. § 216, $4,854.32 in costs and $22,812.50 in attorneys' fees.  The district court then vacated the judgment for Blackshear and granted the City's motion for judgment as a matter of law, finding that the evidence did not support the jury's verdict because the evidence established conclusively that Blackshear was a "manager" as defined in 29 C.F.R. § 541, and therefore exempt from overtime compensation.

## ANALYSIS

Blackshear claims that he was due overtime pay under the Fair Labor Standards Act ("FLSA").  The FLSA excludes from its overtime requirements those employees working in a bona fide executive, administrative or professional capacity.  29 U.S.C. § 213(a)(1). The statute delegates the responsibility for defining "bona fide executive" to the Secretary of Labor.  29 U.S.C. § 213(a)(1).  The City asserted and has the burden of proving that Blackshear falls within this exception.  *See York v. Wichita Falls, Tex.,* 944 F.2d 236, 241 (5th Cir. 1991).  To qualify as a bona fide executive the

employee must: (1) be compensated on a salary basis of not less than $250 per week (the "salary test"), (2) be primarily responsible for management duties, and (3) customarily and regularly direct the work of two or more other employees (collectively the "duties test").  29 C.F.R. § 541.1.; *York*, 944 F.2d at 241-242.

Blackshear contends that the district court erred in granting summary judgment to defendants, finding that there was no factual dispute concerning whether Blackshear met the salary test prong of the executive exemption.  The district court based its summary judgment on the fact that Blackshear received an annual base salary, noting that payment of an hourly rate for each hour worked beyond a regular schedule does not defeat the executive exemption.

The salary test states that an employee who regularly receives each pay period a predetermined amount not **subject to** reduction because of variation in the quality or quantity of work performed is salaried.  29 C.F.R. § 541.118(a)(1996).  Blackshear offered summary judgment evidence that his pay is "subject to" disciplinary deductions because the Houston Police Department has a written policy of imposing suspensions without pay as discipline for violating rules of conduct.  However, there is no evidence that Blackshear has ever suffered such a sanction. The district court's summary judgment order does not address Blackshear's contentions and evidence that he does not meet the salary test because his pay

**4**

is subject to reduction under § 541.118(a).

While this case was pending on appeal, the Supreme Court approved the Secretary's interpretation of the "subject to" language: the standard is met "if there is either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Auer v. Robbins*, 1997 WL 65558 (U.S. Feb. 19, 1997). The Supreme Court goes on to apply that interpretation to a police department policy manual:

> The policy on which the [officers] rely is contained in a section of the Police Manual that lists a total of 58 possible rule violations and specifies the range of penalties associated with each. All department employees are nominally covered by the manual, and some of the specified penalties involve disciplinary deductions in pay. . . .[T]hat is not enough to render petitioners' pay "subject to" disciplinary deductions within the meaning of the salary-basis test. This is so because the manual does not "effectively communicate" that pay deductions are an anticipated form of punishment for employees in petitioners' category, since it is perfectly possible to give full effect to every aspect of the manual without drawing any inference of that sort. . . . No clear inference can be drawn as to the likelihood of a sanction's being applied to employees such as petitioners. Nor . . . is such a likelihood established by the one-time deduction in a sergeant's pay, under unusual circumstances.

*Id.* *5.

Blackshear argues on appeal we should reverse the partial grant of summary judgment for defendants because the record does not establish that there is no genuine issue of material fact concerning whether or not he is "subject to" short-term loss of pay

5

for disciplinary reasons and is therefore a non-salaried employee covered by the FLSA's overtime provision. We agree. The record does not contain evidence clearly resolving the § 541.118(a) issue one way or the other; since the City had the burden on this matter, summary judgment for the City on the present record was improper.

Because the erroneous grant of summary judgment requires reversal and remand for further proceedings, it is unnecessary for us to reach the remaining points of error raised on this appeal.

### CROSS APPEAL CHALLENGING JURISDICTION

On Cross-Appeal, the City challenges the jurisdiction of the district court to hear this case. The City contends that the Fair Labor Standards Act, as applied to the Houston Police Department, exceeds Congress' power under the Commerce Clause and violates the Tenth and Eleventh Amendments.

The City acknowledges that the Supreme Court's opinion in *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S. Ct. 1005, 83 L. Ed. 2d 1016 (1985) establishes that the FLSA, as applied to a police department, is within Congress' Commerce Clause authority. However, they argue that *United States v. Lopez*, ___ U.S. ___, 115 S. Ct. 1624 (1995) calls *Garcia* into question, because FLSA's control of wages and hours does not substantially effect interstate commerce. If the FLSA is not within Congress' commerce power, the application of the statute to a local police department violates the Tenth Amendment by intruding

on an area of authority reserved to the states. The City further argues that the suit itself is precluded by sovereign immunity guaranteed by the Eleventh Amendment, as the City did not consent to suit, and there is no Commerce Clause or Fourteenth Amendment basis for the FLSA, citing *Seminole Tribe of Florida v. Florida*, ___U.S.___, 116 S. Ct. 1114 (1996).

The Respondents in *Auer*, the St. Louis Board of Police Commissioners, likewise challenged the district court's jurisdiction over the suit brought by police officers. They argued that the Commerce Clause does not permit private persons to sue an arm of the state in federal court, even if they are alleging a violation of federal law. The Supreme Court rejected that argument, holding that the Police Commissioners were not an "arm of the State" for Eleventh Amendment purposes. *Auer*, at *2, n.1. We find nothing in the record, briefs or arguments in this case that cause us to question the district court's jurisdiction. *Id.; See also, Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S. Ct. 1005, 83 L. Ed. 2d 1016 (1985).

## CONCLUSION

Based on the foregoing, we reverse the district court's order granting defendant's motion for judgment as a matter of law and remand this case for further proceedings.

REVERSED and REMANDED.